UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-8892-KK | Date: | June 6, 2017 |
| Title: | *Derica L. Stoecker v. Carolyn W. Colvin* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Counsel's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) Should Not Be Denied for Failure to Comply with 20 C.F.R. § 404.1725(a)(7) and Court Orders

## I.
## BACKGROUND

On December 11, 2013, Plaintiff Derica L. Stoecker ("Plaintiff") filed the complaint in this action. ECF Docket No. ("Dkt.") 3 at 1. Plaintiff alleged defendant Carolyn W. Colvin ("Defendant") had improperly denied Plaintiff's applications for disability insurance benefits and supplemental security income. Id. at 2-3.

On December 16, 2013, the Honorable Robert N. Block issued a Case Management Order ("CMO"). Dkt. 7. The CMO requires as follows:

> Plaintiff's counsel shall electronically file a motion or petition for attorney's fees pursuant to 42 U.S.C. § 406(b) and manually serve copies on the Office of Regional Counsel and on the plaintiff. Plaintiff's counsel shall state in any notice that plaintiff may file any statement or opposition with the court not more than fourteen (14) days after service of the motion [petition], and that any statement or opposition filed by plaintiff shall be served on both plaintiff's counsel and the AUSA.

Id. at 10.

On October 2, 2014, the Court found Defendant erred in denying Plaintiff's applications, and entered Judgment reversing and remanding the case for further administrative proceedings. Dkts. 21, 22.

On June 5, 2017, Plaintiff's counsel, Rebecca C. Padilla ("Counsel"), filed a Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) ("Motion"). Dkt. 25. The Motion seeks an award in the gross amount of $12,221.00 for representing Plaintiff. Dkt. 25 at 1-2. However, Counsel failed to file any document showing Plaintiff was served with the Motion.

## II.
## DISCUSSION

Where counsel files a motion for fees for representing a claimant in an action for social security benefits, counsel must provide a statement showing she sent a copy of the motion to the claimant. 20 C.F.R. § 404.1725(a)(7); Dkt. 7. See Holder v. Astrue, No. CIV.05-3521-PHX (RCB), 2009 WL 1363538, at *3 (D. Ariz. May 7, 2009) ("There is no question but that, when making section 406(b) applications, as here, attorneys are required to give notice to their clients as to the existence of such application." (internal quotation marks omitted)).

Here, Counsel failed to comply with 20 C.F.R. § 404.1725(a)(7) because she failed to provide a statement showing she sent a copy of the Motion to Plaintiff. 20 C.F.R. § 404.1725(a)(7). Counsel further failed to adhere to the CMO with respect to: (1) manually serving copies on Plaintiff; and (2) providing notice that Plaintiff may file any statement or opposition with the Court not more than fourteen (14) days after service of the motion. Dkt. 7 at 10. Thus, Counsel must show cause why the Motion should not be denied based upon her failure to comply with 20 C.F.R. § 404.1725(a)(7) and the CMO.

## III.
## ORDER

If Counsel desires to pursue the Motion, Counsel must: (1) serve copies of the Motion and Motion-related documents on Plaintiff; (2) provide notice to Plaintiff that she may file a statement or opposition to the Motion with the Court not more than fourteen days after service; and (3) file written verification of the foregoing with the Court **no later than June 19, 2017. The Court warns Counsel that failure to timely act as directed in this Order will result in denial of the motion without prejudice.**